IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA for
the use and benefit of A MOUNTAIN
CONSTRUCTION, INC., a New Mexico
corporation,

        Use Plaintiff,

v.

CHP SOLUTIONS, LLC, a Virginia
limited liability company, and
GREAT MIDWEST INSURANCE
COMPANY, a Texas corporation,

        Defendants

## COMPLAINT UNDER THE MILLER ACT, FOR BREACH OF CONTRACT AND ON PAYMENT BOND

COMES NOW Use Plaintiff A Mountain Construction, Inc. ("A Mountain"), by and through counsel, Calvert Menicucci, P.C. (Sean R. Calvert), and for its Complaint in this matters, states as follows:

1. A Mountain is a corporation organized and existing under the laws of the State of New Mexico having its principal place of business in Las Cruces, New Mexico.

2. Upon information and belief, CHP Solutions, LLC ("CHP") is a limited liability company organized under the laws of Virginia and having its principal place of business in Stafford, Virginia.

3. Upon information and belief, Great Midwest Insurance Company ("Surety") is a Texas corporation with its principal place of business in Houston, Texas.

4. Jurisdiction is conferred upon this Court by the Miller Act, 40 U.S.C. §§3131 *et seq*.

5. Venue for this action properly rests in the District of New Mexico under the Miller Act, 40 U.S.C. §3133, providing venue in the United States District Court for the District in which the contract was performed.

## FACTUAL AVERMENTS

6. On or about March 17, 2022, CHP entered into contract number 26C78622C0021 with the Department of Veterans Affairs, National Cemetery Administration for construction work at Fort Bayard National Cemetery.

7. Pursuant to 40 U.S.C. §3131, CHP, as principal, and Surety executed Payment Bond Number GM212503 for the prompt payment of all persons supplying labor or materials used in the prosecution of the work. A copy of Payment Bond Number GM212503 is attached to this Complaint as Exhibit 1.

8. In connection with CHP's performance of contract number 26C78622C0021, CHP entered into an Independent Contractor Agreement dated May 19, 2022. A copy of the Independent Contractor Agreement is attached as Exhibit 2 to this Complaint.

9. Pursuant to the terms of the Independent Contractor Agreement, and changes and amendments issued thereto, A Mountain provided the requested construction services to CHP through at least November 3, 2022.

10. On November 22, 2022 CHP notified A Mountain that the Independent Contractor Agreement was terminated effective October 31, 2022.

11. CHP has failed to pay A Mountain for the work provided by A Mountain pursuant to the Independent Contractor Agreement.

12. The total amount owed by CHP for work performed is $356,011.04.

13. On December 16, 2022 A Mountain gave notice to Surety of A Mountain's claim under the bond and demanded payment for amounts owed. A Mountain also demanded payment from CHP on that same date.

14. Although demand for payment has been made upon CHP and Surety, A Mountain has not been paid the balance due and owing for work performed on the project. In fact, CHP has indicated its intent not to pay the contract balance remaining for work performed.

15. The last date on which labor was performed or materials supplied by A Mountain under the Independent Contractor Agreement was on or about November 3, 2022.

16.  This suit has been commenced within one (1) year from the date upon which the last of the labor was performed or materials supplied by A Mountain.

17.  The construction by A Mountain was performed at Fort Bayard, New Mexico and all labor and materials supplied by A Mountain were supplied within New Mexico.

18.  A Mountain is a proper claimant under and is entitled to the protection of the bond required under 40 U.S.C. §3131, *et seq.*

## COUNT ONE
## MILLER ACT

19.  A Mountain realleges and incorporates herein the allegations set forth above in Paragraphs 1 through 18 of its Complaint.

20.  The failure of CHP and the Surety to pay A Mountain for work performed on the project constitutes a violation of the Miller Act.

21.  As a direct and proximate result of CHP and Surety's breach of the Miller Act, A Mountain has been damaged in the amount of $356,011.04, plus interest, costs and attorney fees.

## COUNT TWO
## ON PAYMENT BOND

22.  A Mountain realleges and incorporates herein the allegations set forth above in Paragraphs 1 through 21 of its Complaint.

23.  The payment bond issued by Surety is a valid and enforceable contract.

24.  A Mountain is an intended third-party beneficiary of the payment bond.

25.  A Mountain is entitled to payment of its claim against the payment bond pursuant to the terms of the bond.

26.  Surety's failure and refusal to pay for labor and materials supplied pursuant to the terms of the payment bond constitutes a breach of the terms of that bond.

27.  As a direct and proximate result of Surety's breach of the terms of the payment bond, A Mountain has been damaged in the amount of $356,011.04, plus interest, costs and attorney fees.

## COUNT THREE

## BREACH OF CONTRACT

28. A Mountain realleges and incorporates herein the allegations set forth above in Paragraphs 1 through 28 of its Complaint.

29. The Independent Contractor Agreement constitutes a valid and enforceable contract.

30. CHP's refusal to pay A Mountain amounts due for work performed under the Independent Contractor Agreement constitutes a material and substantial breach of that agreement.

31. CHP's termination of the agreement effective October 31, 2022 was a wrongful breach of the contract.

32. As a direct and proximate result of CHP's breach of the Independent Contractor Agreement, A Mountain has been damaged in an amount to be proved at trial, but at least $356,011.04, plus interest, costs and attorney fees.

WHEREFORE, A Mountain Construction, Inc. respectfully requests judgment be entered against CHP and Surety in an amount to be proved at trial, but at least $356,011.04, plus interest, costs and attorney fees and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

Calvert Menicucci, P.C.

Sean R. Calvert
Counsel for Plaintiff
8804 Washington St., NE, Suite E
Albuquerque, New Mexico 87113
(505) 247-9100
scalvert@hardhatlaw.net

Bond No. GM212503

## PERFORMANCE BOND
*(See instructions on reverse)*

| DATE BOND EXECUTED *(Must be same or later than date of contract)* | OMB Control Number: 9000-0045 |
|---|---|
| March 28, 2022 | Expiration Date: 8/31/2022 |

**Paperwork Reduction Act Statement** - This information collection meets the requirements of 44 USC § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget (OMB) control number. The OMB control number for this collection is 9000-0045. We estimate that it will take 1 hour to read the instructions, gather the facts, and answer the questions. Send only comments relating to our time estimate, including suggestions for reducing this burden, or any other aspects of this collection of information to: General Services Administration, Regulatory Secretariat Division (M1V1CB), 1800 F Street, NW, Washington, DC 20405.

| PRINCIPAL *(Legal name and business address)* | TYPE OF ORGANIZATION *("X" one)* |
|---|---|
| CHP Solutions, LLC<br>P.O. Box 395<br>Locust Grove, VA 22508 | ☐ INDIVIDUAL  ☐ PARTNERSHIP  ☐ JOINT VENTURE<br>☐ CORPORATION  ☒ OTHER *(Specify)* LLC<br>STATE OF INCORPORATION<br>VA |

| SURETY(IES) *(Name(s) and business address(es))* | PENAL SUM OF BOND | | | |
|---|---|---|---|---|
| Great Midwest Insurance Company<br>800 Gessner, Suite 600<br>Houston, TX 77024<br>Surety Phone No. 713-935-4800 | MILLION(S)<br>1 | THOUSAND(S)<br>722 | HUNDRED(S)<br>436 | CENTS<br>88 |
| | CONTRACT DATE<br>3/17/2022 | | CONTRACT NUMBER<br>36C78622C0021<br>885CM3011 | |

**OBLIGATION:**

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

**CONDITIONS:**

The Principal has entered into the contract identified above.

**THEREFORE:**

The above obligation is void if the Principal-

(a) (1) Performs and fulfills all the understanding, covenants, terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice of the Surety(ies) and during the life of any guaranty required under the contract, and

(2) Performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

(b) Pays to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to 41 USC Chapter 31, Subchapter III, Bonds, which are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

**WITNESS:**

The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

**CHP Solutions, LLC — PRINCIPAL**

| | 1. | 2. | 3. | |
|---|---|---|---|---|
| SIGNATURE(S) | *[signature]* (Seal) | (Seal) | (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) *(Typed)* | Thomas A. Carlson<br>Member,<br>CHP Solutions LLC | 2. | 3. | |

**INDIVIDUAL SURETY(IES)**

| | 1. | 2. | |
|---|---|---|---|
| SIGNATURE(S) | | (Seal) | (Seal) |
| NAME(S) *(Typed)* | 1. | 2. | |

**CORPORATE SURETY(IES)**

| SURETY A | NAME & ADDRESS | Great Midwest Insurance Company<br>800 Gessner, Suite 600, Houston, TX 77024 | STATE OF INCORPORATION<br>TX | LIABILITY LIMIT<br>1,722,436.88 | Corporate Seal |
|---|---|---|---|---|---|
| | SIGNATURE(S) | 1. *[signature]* | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. Laurie Daugherty<br>Attorney-in-Fact | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
*Previous edition is NOT usable*

STANDARD FORM 25 (REV. 8/2016)
Prescribed by GSA-FAR (48 CFR) 53.228(b)

EXHIBIT 1

Bond No. GM212503

| PAYMENT BOND | DATE BOND EXECUTED (Must be same or later than date of contract) | OMB Control Number: 9000-0045 |
|---|---|---|
| (See instructions on reverse) | March 28, 2022 | Expiration Date: 8/31/2022 |

Paperwork Reduction Act Statement - This information collection meets the requirements of 44 USC § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget (OMB) control number. The OMB control number for this collection is 9000-0045. We estimate that it will take 1 hour to read the instructions, gather the facts, and answer the questions. Send only comments relating to our time estimate, including suggestions for reducing this burden, or any other aspects of this collection of information to: General Services Administration, Regulatory Secretariat Division (M1V1CB), 1800 F Street, NW, Washington, DC 20405.

**PRINCIPAL** (Legal name and business address)

CHP Solutions, LLC
P.O. Box 395
Locust Grove, VA  22508

**TYPE OF ORGANIZATION** ("X" one)
[ ] INDIVIDUAL   [ ] PARTNERSHIP   [ ] JOINT VENTURE
[ ] CORPORATION   [X] OTHER (Specify) LLC

**STATE OF INCORPORATION**
VA

**SURETY(IES)** (Name(s) and business address(es))

Great Midwest Insurance Company
800 Gessner, Suite 600
Houston, TX  77024
Surety Phone No. 713-935-4800

**PENAL SUM OF BOND**

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 1 | 722 | 436 | 88 |

| CONTRACT DATE | CONTRACT NUMBER |
|---|---|
| 3/17/2022 | 36C78622C0021 |
| | 885CM3011 |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

**PRINCIPAL**

CHP Solutions, LLC

SIGNATURE(S): 1. [signature] (Seal)   2. (Seal)   3. (Seal)

NAME(S) & TITLE(S) (Typed): 1. Thomas A. Carlson, Member, CHP Solutions LLC   2.   3.

Corporate Seal

**INDIVIDUAL SURETY(IES)**

SIGNATURE(S): 1. (Seal)   2. (Seal)

NAME(S) (Typed): 1.   2.

**CORPORATE SURETY(IES)**

SURETY A

| NAME & ADDRESS | Great Midwest Insurance Company 800 Gessner, Suite 600, Houston, TX 77024 | STATE OF INCORPORATION | LIABILITY LIMIT |
|---|---|---|---|
| | | TX | $1,722,436.88 |

SIGNATURE(S): 1. [signature]   2.

NAME(S) & TITLE(S) (Typed): 1. Laurie Daugherty, Attorney-in-Fact   2.

CORPORATE SEAL
(Great Midwest Insurance Company Corporate Seal - Texas Corporation)

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is NOT usable

**STANDARD FORM 25A (REV. 8/2016)**
Prescribed by GSA-FAR (48 CFR) 53.2228(c)

# POWER OF ATTORNEY

## Great Midwest Insurance Company

KNOW ALL MEN BY THESE PRESENTS, that **GREAT MIDWEST INSURANCE COMPANY**, a Texas Corporation, with its principal office in Houston, TX, does hereby constitute and appoint: **Laurie Daugherty**

Surety Bond Number: GM212503
Principal: CHP Solutions, LLC
Obligee: Department of Veterans Affairs, National Cemetery Administration

its true and lawful Attorney(s)-In-Fact to make, execute, seal and deliver for, and on its behalf as surety, any and all bonds, undertakings or other writings obligatory in nature of a bond.

This authority is made under and by the authority of a resolution which was passed by the Board of Directors of **GREAT MIDWEST INSURANCE COMPANY**, on the 1st day of October, 2018 as follows:

Resolved, that the President, or any officer, be and hereby is, authorized to appoint and empower any representative of the Company or other person or persons as Attorney-In-Fact to execute on behalf of the Company any bonds, undertakings, policies, contracts of indemnity or other writings obligatory in nature of a bond not to exceed Ten Million dollars ($10,000,000.00), which the Company might execute through its duly elected officers, and affix the seal of the Company thereto. Any said execution of such documents by an Attorney-In-Fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company. Any Attorney-In-Fact, so appointed, may be removed in the Company's sole discretion and the authority so granted may be revoked as specified in the Power of Attorney.

Resolved, that the signature of the President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Secretary, and the seal of the Company may be affixed by facsimile to any certificate of any such power and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certificate so executed and sealed shall, with respect to any bond of undertaking to which it is attached, continue to be valid and binding on the Company.

IN WITNESS THEREOF, **GREAT MIDWEST INSURANCE COMPANY**, has caused this instrument to be signed by its President, and its Corporate Seal to be affixed this 11th day of February, 2021.



**GREAT MIDWEST INSURANCE COMPANY**

BY _____
Mark W. Haushill
President

### ACKNOWLEDGEMENT

On this 11th day of February, 2021, before me, personally came Mark W. Haushill to me known, who being duly sworn, did depose and say that he is the President of **GREAT MIDWEST INSURANCE COMPANY**, the corporation described in and which executed the above instrument; that he executed said instrument on behalf of the corporation by authority of his office under the By-laws of said corporation.



BY _____
Christina Bishop
Notary Public

### CERTIFICATE

I, the undersigned, Secretary of **GREAT MIDWEST INSURANCE COMPANY**, A Texas Insurance Company, DO HEREBY CERTIFY that the original Power of Attorney of which the foregoing is a true and correct copy, is in full force and effect and has not been revoked and the resolutions as set forth are now in force.

Signed and Sealed at Houston, TX this __28th__ Day of __March, 2022.__



BY _____
Leslie K. Shaunty
Secretary

"**WARNING**: Any person who knowingly and with intent to defraud any insurance company or other person, files and application for insurance of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

# INDEPENDENT CONTRACTOR AGREEMENT

**THIS INDEPENDENT CONTRACTOR AGREEMENT (the "Agreement") created this 19th day of May, 2022**

**BETWEEN:**

CHP Solutions, LLC of PO Box 395, Locust Grove, VA 22508

(the Prime Contractor and "Client")

**AND**

A Mountain Construction, 1177 Scoggins Ave, Las Cruces, NM 88005

(the "Sub-Contractor").

**BACKGROUND:**

A. The Contractor is of the opinion that the Sub-Contractor has the necessary qualifications, experience and abilities to provide services to the Contractor.

B. The Sub-Contractor is agreeable to providing such services to the Contractor on the terms and conditions set out in this Agreement.

C. All work to be performed at the **IN CONSIDERATION OF** the matters described above and of the mutual benefits and obligations set forth in this Agreement, the receipt and sufficiency of which consideration is hereby acknowledged, the Contractor and the Sub-Contractor (individually the "Party" and collectively the "Parties" to this Agreement) agree as follows:

<u>Services Provided</u>

1. The Contractor hereby agrees to engage the Sub-Contractor to provide the Contractor with services (the "Services") consisting of: Provide all necessary labor and materials as outlined in the Contract 36C78622C0021, Pave roadways, Fort Bayard National Cemetery, 200 Camino De Paz, Fort Bayard, NM 88036, Statement of Work (SOW), drawings and as provided for in the A Mountain Construction quotation of 14 February 2022.

2. The term of this Agreement (the "Term") will begin on the date of this Agreement and will remain in full force and effect until October 31, 2022, subject to earlier termination as provided in this

Agreement. The Term of this Agreement may be extended by mutual written agreement of the Parties.

Performance

3. The Parties agree to do everything necessary to ensure that the terms of this Agreement take effect.

Currency

4. Except as otherwise provided in this Agreement, all monetary amounts referred to in this Agreement are in US Dollars.

Compensation

5. For the services rendered by the Sub-Contractor as required by this Agreement, the Contractor will provide compensation (the "Compensation") to the Sub-Contractor as follows:
    o Not to exceed $1,153,660.00, per the quote provided by A Mountain Construction on 14 February 2022. (SEE Attached) pg

6. The Compensation as stated in this Agreement does not include sales tax, or other applicable duties as may be required by law. Any sales tax and duties required by law will be charged to the Sub-Contractor in addition to the Compensation.

Reimbursement of Expenses

7. The Contractor will not be reimbursed for expenses incurred by the Sub-Contractor, other than those expenses identified in their quote dated 14 February 2022 in connection with providing the Services of this Agreement.

Return of Property

1177 Scoggins Ave 

Las Cruces, N.M., 88005
O: 575.525.1405 – F: 575.523.0867

February 14, 2022

**Project Name:** Fort Bayard National Cemetary
**Project Location:** Camino Paz
**Submitted to:**

**Proposal No. 22-010**

A Mountain Construction is please to submit this proposal for the above referenced project. With respect and confidentiality, we propose to furnish all labor, material, equipment and tools necessary to complete this project. Any alteration or deviation from drawings or specifications involving extra costs will be executed only upon a written/change order from A Mountain and will become an **extra cost** over and above this proposal. All agreements contingent upon strikes, accidents or delays beyond our control will not hold A Mountain Construction liable.

All material is guaranteed to be as specified in the specifications. The work is to be performed in applicable accordance with the drawings and specifications as well as any subsequent Addenda () submitted and shall meet all governing standards. The scope of work shall be completed in a substantial workmanlike manner.

| No. | Description | UOM | QTY | Unit Price | Total Price |
|---|---|---|---|---|---|
| Base Bid | Remove existing Base, Subgrade Prep, 6" Base Course, 3" Asphalt | | | | |
| Item 1 | Remove Existing Base and Subbase material, Prepare Subgrade for New 6" Base Course CIP, Install New 3" Asphalt Paving. 14,100 SY, Water Valve and Manhole adjustments 22 valves and 1 manhole in roadway only | LS | 1 | 1 | $1,073,840.00 |
| Item 2 | New Curb and Gutter remove and Replace approximately 500 L.F. | LS | 1 | 1 | $ 79,820.00 |
| | **TOTAL FOR ITEM 1-2** One Million One Hundred Fifty three thousand Six Hundred Sixty and 00/100 Dolllars | LS | 1 | 1 | **$1,153,660.00** |

**Exclusions:** Gross Receipts Tax, Surveying/Engineering, SWPPP, Erosion Control, Impact & Permit Fees, Water and Storm Drain Utility, Landscaping/Riprap, Material Assurance Testing, Electrical work. Construction management beyond Scope of work.

Add 2.5% for bid Bond

(Herein A.M.-A Mountain Construction)
**General Notes:** 1) All invoices shall be paid in full within 10 calendar days of receipt of invoice or work completed depending on the status of each project/work performed, any outstanding balance shall incur a 5% penalty for every day. 2) One mobilization for each line item is incorporated in the set price above. 3) $2,500.00 shall be accessed accordingly for every mobilization resulting in the fault of other than A.M. (i.e. Owner scheduling, sub-contractor, etc.).

**Prepared by:** Chris Spedalieri                                **Approved by:** Bobby Spedalieri/Owner

All proposals will be honored for a period of 30 days, any extensions approved are subject to a price increase

### ACCEPTANCE OF PROPOSAL
The above prices, specifications and conditions are satisfactory and are hereby accepted. A Mountain Construction is here by authorized to do the work as specified and payments will be made as noted.

Accepted by: _____   Title: _____   Date: _____

Lic # 85717 - DOL # 01969320110727 - FEIN # 80-0121479

8. Upon the expiry or termination of this Agreement, the Sub-Contractor will return to the Contractor any property, documentation, records, or Confidential Information which is the property of the Contractor.

Capacity/Independent Contractor

9. In providing the Services under this Agreement it is expressly agreed that the Sub-Contractor is acting as an independent contractor and not as an employee. The Sub-Contractor and the Contractor acknowledge that this Agreement does not create a partnership or joint venture between them, and is exclusively a contract for service.

Notice

10. All notices, requests, demands or other communications required or permitted by the terms of this Agreement will be given in writing and delivered to the Parties of this Agreement as follows:

    a. CHP Solutions, LLC

    Harry E Palm, Jr.

    b. Bridgette Spedaljeri

    or to such other address as any Party may from time to time notify the other.

Indemnification

11. Except to the extent paid in settlement from any applicable insurance policies, and to the extent permitted by applicable law, each Party agrees to indemnify and hold harmless the other Party, and its respective affiliates, officers, agents, employees, and permitted successors and assigns against any and all claims, losses, damages, liabilities, penalties, punitive damages, expenses, reasonable legal fees and costs of any kind or amount whatsoever, which result from or arise out of any act or omission of the indemnifying party, its respective affiliates, officers, agents, employees, and permitted successors and assigns that occurs in connection with this Agreement. This indemnification will survive the termination of this Agreement.

Insurance

12. The Sub-Contractor is required to maintain general liability insurance including coverage for bodily injury and property damage at a level that would be considered reasonable in the industry of the Sub-Contractor based on the risk associated with the characteristics of this Agreement and only to the extent permitted by law. All insurance policies will remain materially unchanged for the duration of this Agreement. A copy of Sub-Contractor's general liability insurance documents shall be made available to the Contractor within 36 hours of request.

Legal Expenses

13. In the event that legal action is brought to enforce or interpret any term of this Agreement, the prevailing Party will be entitled to recover, in addition to any other damages or award, all reasonable legal costs and fees associated with the action.

Modification of Agreement

14. Any amendment or modification of this Agreement or additional obligation assumed by either Party in connection with this Agreement will only be binding if evidenced in writing signed by each Party or an authorized representative of each Party.

Time of the Essence

15. Time is of the essence in this Agreement. No extension or variation of this Agreement will operate as a waiver of this provision.

Assignment

16. The Sub-Contractor will not voluntarily, or by operation of law, assign or otherwise transfer its obligations under this Agreement without the prior written consent of the Contractor.

Entire Agreement

17. It is agreed that there is no representation, warranty, collateral agreement or condition affecting this Agreement except as expressly provided in this Agreement.

Enurement

18. This Agreement will enure to the benefit of and be binding on the Parties and their respective heirs, executors, administrators, successors and permitted assigns.

## Titles/Headings

19. Headings are inserted for the convenience of the Parties only and are not to be considered when interpreting this Agreement.

## Gender

20. Words in the singular mean and include the plural and vice versa. Words in the masculine mean and include the feminine and vice versa.

## Governing Law

21. It is the intention of the Parties to this Agreement that this Agreement and the performance under this Agreement, and all suits and special proceedings under this Agreement, be construed in accordance with and governed, to the exclusion of the law of any other forum, by the laws of Montana, without regard to the jurisdiction in which any action or special proceeding may be instituted.

## Severability

22. In the event that any of the provisions of this Agreement are held to be invalid or unenforceable in whole or in part, all other provisions will nevertheless continue to be valid and enforceable with the invalid or unenforceable parts severed from the remainder of this Agreement.

## Waiver

23. The waiver by either Party of a breach, default, delay or omission of any of the provisions of this Agreement by the other Party will not be construed as a waiver of any subsequent breach of the same or other provisions.

**IN WITNESS WHEREOF** the Parties have duly affixed their signatures under hand and seal

CHP Solutions, LLC

Per:_____
Harry E Palm, Jr.          Date:

A Mountain Construction

Per: _____
Bridgette Spedalieri       Date: 6.6.2022