IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

A MOUNTAIN CONSTRUCTION, INC.,

    Plaintiff,

v.                                             Civ. No. 23-106 MIS/GBW

CHP SOLUTIONS, LLC, and
GREAT MIDWEST INSURANCE COMPANY,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Discovery (the "Motion"). *Doc. 34.* Having reviewed the Motion and its attendant briefing (*docs. 40, 41*), and being otherwise fully advised, the Court GRANTS the Motion.

### I.   BACKGROUND

Plaintiff filed this suit against Defendants on February 6, 2023, alleging a violation of the Miller Act, breach of payment bond contract, and breach of contract. *Doc. 1.* Discovery in this case started on May 16, 2023, the date counsel for Plaintiff and Defendants met and conferred to formulate a provisional discovery plan pursuant to

Federal Rule of Civil Procedure 26(f).[1]  *Doc. 14.*  Relevant here, Plaintiff submitted its First Set of Interrogatories and Requests for Production to Defendant CHP Solutions, LLC ("Defendant CHP") on July 3, 2023.  *Doc. 18.*  Defendant CHP responded to Plaintiff's First Set of Interrogatories and Requests for Production on August 3, 2023. *Doc. 24.*  On December 1, 2023, the Honorable Judge Sweazea granted the parties' Agreed Motion to Amend Scheduling Order (*doc. 30*), setting the termination date for discovery as February 15, 2024, and the due date for motions relating to discovery as March 4, 2024.  *Doc. 31.*  Judge Sweazea conducted a settlement conference in this case on February 22, 2024.  *Doc. 33.*  The case did not settle.  *Id.*

On March 5, 2024, Plaintiff filed the instant Motion alleging that Defendant CHP disclosed relevant, previously requested discovery for the first time as part of its settlement conference position statement ("position statement") in February 2024.  *Doc. 34* ¶ 7; *Doc. 22* at 2[2].  Defendant CHP responded to the Motion on March 19, 2024.  *Doc. 40.*  The Motion was fully briefed on March 25, 2024, with the filing of Plaintiff's Reply. *Doc. 41.*

---

[1] "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  Fed. R. Civ. P. 26(d)(1).
[2] Per the Order Setting Settlement Conference and Status Conference, Defendant CHP's settlement conference position statement was due to Plaintiff on or before February 8, 2024.  *Doc. 22* at 2.

I.     LEGAL STANDARDS

The Federal Rules of Civil Procedure provide the following general standard of

discoverability:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant
> to any party's claim or defense and proportional to the needs of the case,
> considering the importance of the issues at stake in the action, the amount in
> controversy, the parties' relative access to relevant information, the parties'
> resources, the importance of discovery in resolving the issues, and whether the
> burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  Evidence is relevant if it has any tendency to make a material

fact more or less probable.  Fed. R. Evid. 401.  Information "need not be admissible in

evidence to be discoverable," Fed. R. Civ. P. 26(b)(1), and discovery rules "are to be

accorded a broad and liberal treatment," *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

However, "Rule 26 vests the trial judge with broad discretion to tailor discovery

narrowly."  *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir.

2010) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).

Federal Rule of Civil Procedure 37 governs parties' motions to compel discovery.

Fed. R. Civ. P. 37(a)(3)(B) ("A party seeking discovery may move for an order

compelling an answer, designation, production, or inspection.").  A party may move for

an order to compel when the opposing party fails to respond to a discovery request

under Federal Rule of Civil Procedure 33 (Interrogatories) and 34 (Requests for

Production), including when the opposing party fails to supplement its disclosures

pursuant to Fed. R. Civ. P. 26(e), provided such discovery requests are within the scope

of Federal Rule of Civil Procedure 26(b).  *See* Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  Evasive

or incomplete disclosures, answers, or responses are treated as a failure to disclose,

answer, or respond.  Fed. R. Civ. P. 37(a)(4).

    II.    ANALYSIS

    The Motion alleges that Defendant CHP disclosed relevant information that

Plaintiff requested on July 3, 2023, for the first time in February 2024 as part of its

settlement conference position statement to Plaintiff.  *Doc. 34* ¶¶ 2, 3, 7.  Specifically,

Plaintiff alleges that Defendant CHP's position statement disclosed new discovery that

Defendant CHP should have disclosed in response to Plaintiff's First Interrogatory 6,

and First Requests for Production Nos. 6 ("RFP 6") and 22 ("RFP 22").  *See id*.  Further,

Plaintiff insinuates that Defendant is withholding relevant discovery regarding

Plaintiff's First Request for Production No. 3 ("RFP 3").  *Id*. ¶ 6.  Defendant CHP's main

argument in response to the Motion is that the Motion is untimely because it was filed

on March 5, 2024, and the deadline for motions relating to discovery was March 4, 2024.

*See generally doc. 40.*

    Interrogatory 6 requested Defendant CHP to identify any subcontractors,

suppliers, manufacturers, consultants, or other third parties that it retained or that

performed any of the work on the subject project following the termination of the

subcontract with Plaintiff.  *Doc. 34* at 8.  In August 2023, Defendant CHP listed four

entities in its response to Interrogatory 6: (1) Sierra Enterprises, LLC d/b/a BNR Paving,

4

(2) Summit Technical, Inc., (3) JGF Built, and (4) Patriot Development and Services. *Doc. 34* at 20-21. Plaintiff alleges that in its position statement, Defendant CHP disclosed an additional entity that should have been provided in (or supplemented to) its August 2023 response to Interrogatory 6 – Runyon Construction, Inc. *Id*. ¶ 7.[3]

RFP 6 requested Defendant CHP to produce all monthly or periodic requisitions, invoices, certifications, statements or bills from the subcontractors to Defendant CHP. *Id*. at 13. Plaintiff alleges that in its position statement, Defendant CHP disclosed two additional invoices that should have been provided in (or supplemented to) its August 2023 response to RFP 6 – an invoice from Patriot Development & Services and an invoice from Runyon Construction, Inc. *Id*. ¶ 7. RFP 22 requested Defendant CHP to produce all documents upon which it intended to rely to establish proof of claims, damages or refutation of claims. *Id*. at 17. Similarly, Plaintiff alleges that Defendant CHP's position statement disclosed, for the first time, an estimate from JGF Built that should have been produced in (or supplemented to) its August 2023 response. Further, Plaintiff states that Defendant CHP has not produced any subcontracts as requested in RFP 3 despite producing the names of multiple subcontractors throughout discovery. *Id*. ¶ 7; *id.* at 20-21.

---

[3] Plaintiff also alleges that Defendant CHP had not previously disclosed the subcontractor Patriot Development & Services, *see doc. 34* ¶ 7, but the Court notes that Patriot Development & Services was listed as a subcontractor in Defendant CHP's original August 2023 discovery responses, *id*. at 21.

Defendant CHP's main response to the Motion is that it should be denied because it is one day late. *See generally doc. 40.* It argues that Plaintiff was not prejudiced by the late disclosure of discovery because Plaintiff received the information in the position statement before the close of discovery and because the new discovery was not pertinent to the single deposition that Plaintiff took of Defendant CHP's expert. *Id.* ¶ 6 n.1. However, producing discovery as part of a settlement position statement is not a proper disclosure or supplement under the Rules. Even if including discovery in the position statement were a proper disclosure, this disclosure happened February 8 – only one week before the close of discovery. *See doc. 22* at 2; *doc. 31.* A single week is not a sufficient amount of time for Plaintiff to analyze the new disclosures and determine whether additional discovery is needed. Critically, Defendant CHP does not explain why it never produced or supplemented the newly disclosed discovery found in its position statement before February 2024. Appropriately, the Court finds merit to Plaintiff's claim that Defendant CHP's August 2023 responses, which were never formally supplemented, were evasive or incomplete.

The Court finds good cause exists to grant the Motion. Under Federal Rule of Civil Procedure 16, the Court may modify the scheduling order for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) ("Trial courts have considerable discretion in determining what kind of showing satisfies this . . . good cause standard.") (citation and internal

quotations omitted).  Accordingly, a party can prevail on a motion to compel that is filed one day after the scheduling order deadline if the moving party shows that the motion is well-founded and that some reason justifies its late submission.  Given Plaintiff's adequate allegations, as well as Defendant CHP's late disclosures and failure to explain why it did not disclose the information within its position statement until February 2024, the Court finds that good cause exists to grant the Motion.

### III.   CONCLUSION

For the reasons stated above, Plaintiff's Motion to Compel Discovery (*doc. 34*) is GRANTED.  Defendant CHP shall provide a full and complete response to Interrogatory 6.  Where no information has been withheld, Defendant CHP must so certify.  Defendant CHP shall also either provide, or specifically identify if already produced, documentation responsive to Requests for Productions Nos. 3, 6, and 22. Where no responsive documents are in its possession, custody, or control, Defendant must so certify.  No additional discovery is permitted at this time.  If Plaintiff wishes to reopen discovery to follow-up on responses pursuant to this Order, it may move to do so no later than seven (7) days from receipt of all materials responsive to this Order.

IT IS SO ORDERED that Defendant CHP Solutions, LLC's responses to the

above-listed discovery requests are due no later than **fourteen (14) days from the**

**issuance of this Order**.

_____

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE